GUAM LEGAL SERVICES CORPORATION
DISABILITY LAW CENTER
113 Bradley Place
Hagåtña, Guam 96910
Telephone No.: (671) 477-9811
Facsimile No.: (671) 477-1320

*Counsel for Plaintiffs*

IN THE UNITED STATES DISCTRIC COURT

DISTRICT COURT OF GUAM

| | |
|---|---|
| J.C., a person with a disability,<br>A.B., a person with a disability,<br>M.B., a person with a disability<br>J.B., a person with a disability, and<br>E.Q., a person with a disability<br><br>       Plaintiffs,<br>vs.<br><br>JON FERNANDEZ, in his official capacity as Superintendent, Guam Department of Education<br><br>       Defendant. | Civil Case No.:<br><br><br><br><br><br>EX PARTE MOTION FOR<br>TEMPORARY MANDATORY<br>INJUNCTION and<br>ORDER TO SHOW CAUSE |

Plaintiffs, J.C., A.B., M.B., J.B. and E.Q., through their parents and through their counsel, DANIEL S. SOMERFLECK of Guam Legal Services Corporation – Disability Law Center ("GLSC-DLC"), hereby move this Court for a temporary mandatory injunction and an order to show cause pursuant to Rule 65(c) of the Federal Rules of Civil Procedure and CVLR 65 of the Local Civil Rules of the District Court of Guam.

This motion is based upon the Complaint for Declaratory and Injunctive Relief, the Declaration of Counsel, the Declaration of Crystal Koch, the proposed Temporary Mandatory Injunction, the proposed Order to Show Cause filed herewith and upon the Memorandum of Points and Authorities below.

Dated: 7/01/2020

GUAM LEGAL SERVICES CORPORATION
DISABILITY LAW CENTER
*Counsel for Plaintiffs*

By: _____
DANIEL S. SOMERFLECK
Executive Director

MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiffs come before this Court and request a Temporary Mandatory Injunction and an Order To Show Cause for Preliminary Mandatory Injunction. In seeking this extraordinary remedy, Plaintiffs assert there is a strong likelihood of success on the merits; a substantial threat exists that the Plaintiffs will suffer irreparable injury if the injunction is not granted; the harm to the Plaintiffs far outweighs the harm that the injunction will cause the Defendant and the granting of this injunction is not contrary to the public interest.

Each of the named Plaintiff attends the Guam public school, and have been deemed eligible for special education services, and currently have an Individualized Education Plan (IEP) in place. All of the Plaintiffs' IEP's requires the provision of educational services throughout the summer months and what is referred to as extended school year (ESY). Each of the Plaintiffs' IEP require 4 hours of daily educational services for 4 weeks during the summer break. In addition, all of the Plaintiffs require the assistance of at least 1 specialized para-educator and requires supervision of a specialized trained adult. Each of the Plaintiffs have made a request for due process that the agreed upon IEP extended school year services be provided. The Defendants are aware of their obligation, yet upon receipt of the due process, asserted that in person ESY program is not being

EX PARTE MOTION FOR TEMPORARY MANDATORY INJUNCTION AND ORDER TO SHOW CAUSE
*J.C., A.B., M.B., J.B. and E.Q. vs. Jon Fernandez et.al*
Page **2** of **6**

Case 1:20-cv-00024   Document 2   Filed 07/01/20   Page 2 of 6

offered, asserting that the Governor of Guam issued Executive Order 2020-16 that the remaining school year is closed for educational purposes until the end of the public health emergency. However, the government of Guam issued Executive Order 2020-20 allows the opening of public schools for pilot program to assist in the further opening of public schools.

Plaintiffs have a strong likelihood of success on the merits, in that Individuals with Disabilities Education Act (IDEA) provides federal funds to state agencies upon the condition that the funds are used in compliance with specific goals and procedures, primarily the obligation to provide a Free Appropriate Public Education 20 U.S.C.1412. The stay-put provision of the IDEA mandates that while a due process challenge is pending a student is entitled to remain in his or her "then – current educational placement" unless the parents or the state local agency otherwise agrees 20 U.S.C. 1415(j).

The Ninth Circuit has interpreted "then-current educational placement" to mean "the placement set forth in the child's last implemented IEP." *L.M. ex rel. Sam M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 902 (9th Cir. 2009). "Although the statute refers to "educational placement," not to "IEP," the purpose of an IEP is to embody the services and educational placement or placements that are planned for the child." *N.E. ex. rel. C.E. v. Seattle Sch. Dist.*, 842 F.3d 1093, 1096 (9th Cir. 2016). When the child's last implemented IEP cannot be implemented due to a change in circumstances, stay-put requires that the student receive a placement that, as closely as possible, replicates the last placement. *Van Scoy ex rel. Van Scoy v. San Luis Coastal Unified Sch. Dist.*, 353 F.Supp.2d 1083, 1086 (C.D. Cal. 2005).

As set forth by the Supreme Court:

> plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in

EX PARTE MOTION FOR TEMPORARY MANDATORY INJUNCTION AND ORDER TO SHOW CAUSE
*J.C., A.B., M.B., J.B. and E.Q. vs. Jon Fernandez et.al*
Page 3 of 6

Case 1:20-cv-00024   Document 2   Filed 07/01/20   Page 3 of 6

the public interest.

*Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021(9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.* 555 U.S. 7 129 S.Ct. 365, 374 172 L.Ed.2d 249 (2008)).

The failure to provide educational services to a child with a disability whom has already been predetermined to need extended school year services is in itself an indicator that without the needed ESY services a child's education suffers irreparable harm. For each child, it has already been predetermined that they will suffer irreparable harm without the ESY. Further, the fact that Congress enacted the stay-put provision in the IDEA "evidences Congress's sense that there is a heightened risk of irreparable harm inherent in the premature removal of a disabled child to a potentially inappropriate educational setting." JOSHUA A. *v.* Rocklin Unified School Dist., 559 F.3d 1036 at 1040 (9th Cir. 2009)

In balancing the equalities involved, the first and foremost consideration is the public interest in seeing that children with disabilities are educated. The Defendants, are obligated to provide a public education to all students on Guam. However, as a result of the pandemic, education services have been halted since mid-March, 2020. On June 5, 2020, the Governor of Guam provided an opportunity for all public and private schools to develop a pilot program (see Executive Order 2020-20). Such a pilot program, could have included both special education students and those students needing remediation. However, the Defendants failed to take any known action and no pilot project has commenced in GDOE. Although students needing remediation are offered an online class format. Unfortunately, based upon the Plaintiffs' disabilities the online class format is insufficient. Without 1:1 assistance they will be denied an appropriate ESY education. Clearly, the balancing of equalities tip in favor of the Plaintiffs and equally so the public interest is served by requiring the Defendants to implement a pilot program

EX PARTE MOTION FOR TEMPORARY MANDATORY INJUNCTION AND ORDER TO SHOW CAUSE
*J.C., A.B., M.B., J.B. and E.Q. vs. Jon Fernandez et.al*
Page 4 of 6

Case 1:20-cv-00024 Document 2 Filed 07/01/20 Page 4 of 6

for the intended school opening for August 11, 2020.

Each of the Plaintiffs receive ESY services based upon the nature and severity of their disability. A determination for ESY may also be based upon the child's occurrence of regression and recoupment of information, the degree of progress meeting the IEP goals, and emerging skills and breakthrough opportunity, interfering behaviors or other special circumstances. It has already been determined that the Plaintiffs need an extended school year. Balancing equities, clearly tips in favor of the Plaintiffs. Finally, in addition in requiring the state to comply with IDEA it is further in the publics' interest for the Defendant to implement a pilot project program for the intended school opening August 11, 2020.

Finally Plaintiff anticipates Defendant will assert that Plaintiffs are required to exhaust administrative remedies before seeking this Court's intervention. This issue has already been addressed by the Ninth Circuit;

> We have not yet addressed the issue of whether exhaustion is required in the context of a suit alleging violations of §1415(j). All of our previous cases regarding exhaustion under the IDEA have dealt with requests for damages and not with the stay-put provision. *See Kutasi*, 494 F.3d at 1169; *Blanchard v. Morton Sch. Dist.*, 420 F.3d 918, 919 (9th Cir. 2005); *Robb v. Bethel Sch. Dist. #403*, 308 F.3d 1047, 1048 (9th Cir.2002); *Witte v. Clarke Count Sch. Dist.*, 197 F.3d 1271, 1272 (9th Cir. 1999). However, the Second Circuit addressed this precise point in *Murphy v. Arlington Cent. Sch. Dist. Bd . of Educ.*, 297 F.3d 195 (2d Cir. 2002). In *Murphy*, the plaintiff sued for a violation of §1415(j) and requested funding to keep the disabled child in his current educational placement. *Id.* at 198-99. There, the court ruled that exhaustion of administrative remedies was not required because of the time-sensitive nature of the right §1415(j) was designed to protect the right to remain

EX PARTE MOTION FOR TEMPORARY MANDATORY INJUNCTION AND ORDER TO SHOW CAUSE
*J.C., A.B., M.B., J.B. and E.Q. vs. Jon Fernandez et.al*
Page 5 of 6

Case 1:20-cv-00024 Document 2 Filed 07/01/20 Page 5 of 6

in the current educational placement. *Id* at 199-200.

We find the Second Circuit's reasoning persuasive and adopt it here...

The stay-put provision recognizes the need for the child to keep her current educational placement as the administrative process tries to sort out alternatives. If the child is moved from the current placement during the process, then the deprivation of the right has occurred. The completion of the administrative process cannot remedy the harm. *Id*.; *see also Cole v. Metro. Gov't of Nashville*. 954. F. Supp. 1214, 1221 M.D. Tenn1997). Access to the preliminary injunction is essential to vindicate this particular IDEA right. *Murphy*, 297 F.3d at 200. N.D. ex rel. parents acting as guardian ad litem v. Hawaii 600 F3d 1104, 1110 (9th Cir. 2010).

The Plaintiffs further request, based upon the public interest involved in this action, that no bond or security be required under Rule 65(c) of the Federal Rules of Civil Procedure. In a transportation case dealing with a fare increase, the Fifth Circuit Court found that because the case involved a public interest litigation, the Plaintiffs were not required to give security under Rule 65(c). Atlanta vs. Metropolitan Atlanta Rapid Transit Authority, 63 F.2d 1084 (5th Cir. 1981).

Dated: 7/01/2020

GUAM LEGAL SERVICES CORPORATION
DISABILITY LAW CENTER
*Counsel for Plaintiffs*

By: _____
DANIEL S. SOMERFLECK
Executive Director

EX PARTE MOTION FOR TEMPORARY MANDATORY INJUNCTION AND ORDER TO SHOW CAUSE
J.C., A.B., M.B., J.B. and E.Q. vs. Jon Fernandez et.al
Page 6 of 6

Case 1:20-cv-00024   Document 2   Filed 07/01/20   Page 6 of 6