1
2
3
4
5
6
7

**THE DISTRICT COURT OF GUAM**

8  J.C., a person with a disability, et al.,                CIVIL CASE NO. 20-00024

9                    Plaintiffs,

10          vs.                                      **ORDER DENYING MOTION FOR A**
                                                     **TEMPORARY MANDATORY**
11  JON FERNANDEZ, in his official capacity                     **INJUNCTION**
    as Superintendent, Guam Department of
12  Education,

13                    Defendant.

14          Before the Court is Plaintiffs' motion for a temporary mandatory injunction and an order

15  to show cause why a preliminary injunction should not issue. Plaintiffs seek an order mandating

16  that the Guam Department of Education ("GDOE") provide the services specified in their current

17  Individualized Educations Plans ("IEPs"), including four hours of daily in-school educational

18  services for four weeks during the summer break, with the assistance of a specialized para-

19  educator for each student. In order to obtain a preliminary injunction, Plaintiffs must establish

20  that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in

21  the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a

22  preliminary injunction is in the public interest. *N.D. ex rel. Guard. ad Litem v. HI Dept. of Educ.*,

23  600 F.3d 1104, 1111 (2010).

24          In evaluating Plaintiffs' present motion, the Court finds *N.D. v. Dept. of Educ.*

25  particularly instructive. Unlike in *N.D.*, where the district court had before it "declarations by

26  [the plaintiffs' parents] … detailing the injuries their children had suffered.… [and] declarations

27  outlining the steps [the school district was] taking to minimize the disruption that the

28  [shutdowns] were causing," 600 F.3d at 1112, here the Court has no substantial evidence before

1

it regarding irreparable harm. Instead, the Court is faced only with counsel's argument that a failure to implement the IEPs in their entirety constitutes *per se* irreparable harm. *See* ECF 2 at 4.

This argument is akin to the argument made by the plaintiffs in *N.D.* that the issuance of a stay-put injunction should be automatic without requiring the usual preliminary injunction showing. *See* 600 F.3d at 1112. The Ninth Circuit rejected this argument because, as here, "[t]he preliminary injunction would order the DOE to recognize the invocation of the stay-put provisions. The alleged violation is that [the State] is not providing the protection of the stay-put provision. The claim underlying the preliminary injunction is that the stay-put provision applies. In essence, the preliminary injunction is an injunction for an injunction." *Id.* In the absence of further evidence, the Court is unpersuaded that Plaintiffs have met their burden of showing irreparable harm in the absence of preliminary relief.

With respect to Plaintiffs' likelihood of success on the merits, similar to *N.D.*, "[t]he heart of the case is whether the [school shutdowns under Executive Order 2020-16] are a change in the educational placement of the disabled children such that the stay-put provisions apply." 600 F.3d at 1113. The *N.D.* court noted that "Congress did not intend for the IDEA to apply to system wide administrative decisions." *Id.* at 1116. Although there are some potentially distinguishing characteristics in this case, the Court has serious questions whether *N.D.* nonetheless dictates the outcome here. Plaintiffs' motion does not address this question, but rather assumes that the stay-put provisions apply in arguing for a temporary injunction.

With respect to the remaining two factors for consideration—the balance of equities and the public interest—the Court notes that Defendant's opposition demonstrates the existence of drastically different views of the facts underlying Plaintiffs' motion, which the present record is insufficient to resolve. A clear picture of the situation, as necessary to warrant the extraordinary remedy of a mandatory injunction, will only be available after both parties have had the opportunity to fully brief the issues and submit any evidence they wish to have considered. Accordingly, Defendant's motion for a temporary mandatory injunction is **DENIED**. Defendant's request for an order to show cause why a preliminary injunction should not issue is **DENIED** on the same basis. This denial is without prejudice to Plaintiffs' filing a properly

2

noticed motion for a preliminary injunction, including any evidence Plaintiffs wish to have considered in support of that motion. Any such motion shall be filed no later than July 24, 2020.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Jul 15, 2020**